UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHAWN PAUL GROSSMAN,

        Plaintiff,                 Case No. 1:23-cv-1204

v.                                     Honorable Phillip J. Green

P.C. ALLEN, et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.6.)

In an order (ECF No. 4) entered on November 28, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis* and stayed further proceedings to permit mediation. Early mediation was conducted on March 6, 2024, and the case did not settle. Accordingly, the Court will enter an order lifting the mediation stay and authorizing collection of the filing fee.

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison*

*Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

2

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c).  That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."  28 U.S.C. § 636(c).  Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that they are not parties who will be served with or given notice of this opinion.  *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

3

accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss the following claims against Defendants: (1) Plaintiff's claims for declaratory and injunctive relief; (2) any intended Fourteenth Amendment due process claims premised upon the loss of Plaintiff's fan; and (3) any intended Fourteenth Amendment equal protection claims. Plaintiff's Eighth Amendment claims for damages against Defendants remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. The events about which he complains, however, occurred during his incarceration at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues the following DRF personnel in their individual capacities: Warden Unknown Rewerts, Resident Unit Manager (RUM) Unknown Blair, Assistant Resident Unit Specialist Unknown Allen, Corrections Officer Unknown Dill, Corrections Officer Unknown Hummel, Corrections Officer Unknown Fidler, Sergeant Unknown Walraft, and Maintenance Worker Unknown Ferguson.

Plaintiff alleges that on February 2, 2022, Defendants Allen and Fidler were searching a neighboring cell because of "an unrul[]y prisoner." (Compl., ECF No. 1, PageID.4.) In the process, Defendants Allen and Fidler "popped" a water bag, which Plaintiff refers to as a "workout" bag. (*Id.*) According to Plaintiff, the water leaked

4

into his cell. (*Id.*)  At the time, Plaintiff's fan was plugged in. (*Id.*)  The water leak caused "a[n] electric shortage[,] burning out the power and breaking [Plaintiff's] fan in the process." (*Id.*)  Plaintiff states that the lights flashed on and off for a couple of hours before there was no power at all. (*Id.*)

Plaintiff indicates that he and his cellmate were without power from February 2, 2022, until March 2, 2022.[2] (*Id.*, PageID.5.)  Plaintiff repeatedly complained about the lack of power to each Defendant during that time period; none of the Defendants took any action. (*Id.*, PageID.4–5.)  Indeed, on one occasion, Defendant Rewerts told Plaintiff, "Welcome to level-4." (*Id.*, PageID.13.)  Plaintiff contends that during this time, even though the cell had no power, the "plug was sizzl[]ing and popping and burning the whole time." (*Id.*, PageID.5.)  Plaintiff also notes that the "plug caught fire by [his] feet." (*Id.*)  Plaintiff states that he was in protective custody and that he could not be moved because there "were no other rooms available." (*Id.*, PageID.12.)

Plaintiff suggests that being housed in the cell without power during the time period set forth above was cruel and unusual.  He also suggests that being in the cell with a popping and burning plug was unsafe.  Additionally, Plaintiff makes passing reference to being denied "equal rights." (*Id.*, PageID.17.)

Based on the foregoing, the Court construes Plaintiff's complaint to assert the following claims against all Defendants: (1) Eighth Amendment conditions of

---

[2] On PageID.4 of the complaint, Plaintiff states that his cell was without power until March 2, 2023. (Compl., ECF No. 1, PageID.4.) That appears to be a typographical error because on the following page of the complaint, Plaintiff states that his cell was without power until March 2, 2022. (*Id.*, PageID.5.)

5

confinement claims; (2) Fourteenth Amendment due process claims premised upon the loss of Plaintiff's fan; and (3) Fourteenth Amendment equal protection claims. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. (*Id.*, PageID.6, 8, 17–18.)

## II.   Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility

standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims for Declaratory and Injunctive Relief

As noted above, Plaintiff seeks declaratory and injunctive relief, as well as damages. Plaintiff, however, is no longer confined at DRF. The Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff is now incarcerated at MBP, and none of the Defendants are employed at that facility. The Court, therefore, will dismiss Plaintiff's claims for declaratory and injunctive relief against Defendants.

### B.    Claims for Damages

#### 1.    Eighth Amendment Claims

Plaintiff contends that Defendants violated his Eighth Amendment rights by showing deliberate indifference to the fact that Plaintiff and his cellmate were without power from February 2, 2022, until March 2, 2022, and that they were subjected to unsafe conditions caused by the "sizzling" and "popping" plug.

7

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical

8

claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Courts within the Sixth Circuit have held that incarceration without power for short periods of time does not rise to the level of an Eighth Amendment violation absent some indication of harm. *See, e.g.*, *Bomer v. Lavigne*, 101 F. App'x 91, 92–93 (6th Cir. 2004) (affirming the dismissal of the plaintiff's Eighth Amendment claim that he was deprived of ventilation because of a three-day loss of power); *Groomes v. Parker*, No. 08-2028-An/P, 2008 WL 4057763, at *8 (W.D. Tenn. Aug. 2, 2008) (concluding that there was no Eighth Amendment violation when the plaintiff could not watch television because of a ten-day power outage); *Christy v. Lindamood*, No.

9

1:18-cv-8, 2018 WL 1907447, at *3, 7 (M.D. Tenn. Apr. 23, 2018) (finding no Eighth Amendment violation where prisoner was placed in a cell without power and alleged no resulting harm from being unable to use his CPAP machine); *Peters v. Berghuis*, No. 1:09-cv-14, 2009 WL 261387, at *3–4 (W.D. Mich. Feb. 3, 2009) (finding no violation where power is turned off at night such prisoners could not use cell fans for ventilation).  Furthermore, this Court recently held that an inmate failed to set forth an Eighth Amendment violation premised upon his placement in a cell without power for 3 months because he failed to allege that he suffered any harm at all.  *See Thomas v. MDOC*, No. 2:23-cv-191, 2024 WL 1046350, at *5–6 (W.D. Mich. Mar. 11, 2024).

Here, Plaintiff alleges that he and his cellmate were without power for about a month. Plaintiff avers that he could not watch television, "charge [his] player," and run his fan during this time. (Compl., ECF No. 1, PageID.14.)  He also states that he could not read and "do [his] law work." (*Id.*, PageID.13.)  Plaintiff alleges further, however, that during this time, the "plug was sizzl[]ing and popping and burning the whole time." (*Id.*, PageID.5.)  He also suggests that "at one time the plug caught fire by [his] feet." (*Id.*)  Given these allegations, the Court concludes that Plaintiff has sufficiently set forth facts regarding a substantial risk of serious harm.  Moreover, Plaintiff alleges that he and his cellmate spoke to all of the named Defendants about the issue on numerous occasions, and that none of the Defendants did anything to rectify the situation until March 2, 2022, when the power was fixed.  Although Plaintiff has by no means proven deliberate indifference, taking his allegations as true and in the light most favorable to him, the Court concludes that his Eighth

10

Amendment claims for damages against Defendants may not be dismissed on initial review.

    2.    **Fourteenth Amendment Claims**

        a.    **Deprivation of Property**

The Court has construed Plaintiff's complaint to assert Fourteenth Amendment due process claims premised upon the loss of his fan. Any intended due process claims, however, are barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivations of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530–36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland*, 57 F.3d at 479–80; *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Here, Plaintiff fails to allege that his state post-deprivation remedies are inadequate. Plaintiff has available to him numerous state post-deprivation remedies. First, a prisoner who incurs a loss through no fault of his own may petition the

11

institution's Prisoner Benefit Fund for compensation. MDOC Policy Directive 04.07.112, ¶ b (eff. Dec. 12, 2013). Moreover, aggrieved prisoners may submit claims for property loss of less than $1,000.00 to the State Administrative Board. Mich. Comp. Laws. § 600.6419; MDOC Policy Directive 03.02.131 (eff. Oct. 21, 2013). Finally, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments or officers." Mich. Comp. Laws § 600.6419(1)(a) (eff. Nov. 12, 2013). The Sixth Circuit has specifically held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff alleges no reason why a state court action would not afford him complete relief for the deprivation, either negligent or intentional, of his fan. Accordingly, Plaintiff's Fourteenth Amendment due process claims will be dismissed.

### b. Equal Protection

The Court has also construed Plaintiff's complaint to assert Fourteenth Amendment equal protection claims premised upon Plaintiff's reference that Defendants "failed to provide equal rights." (Compl., ECF No. 1, PageID.17.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Plaintiff does not

12

allege that a fundamental right is implicated in this case or that he is a member of a suspect class; his claims, therefore, are not subjected to strict scrutiny.

To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, Plaintiff only vaguely alleges that Defendants "failed to provide equal rights as every other prisoner." (Compl., ECF No. 1, PageID.17.) He fails to allege any facts suggesting that he similarly situated to other inmates in all relevant respects. Instead, Plaintiff's allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated.

Accordingly, any intended Fourteenth Amendment equal protection claims will be dismissed.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the following claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2), 1915A(b), and 42 U.S.C. § 1997e(c): (1) Plaintiff's claims for declaratory and injunctive relief; (2) any intended Fourteenth Amendment due process claims premised upon the loss of Plaintiff's fan; and (3) any intended Fourteenth Amendment equal protection claims. Plaintiff's Eighth Amendment claims for damages against Defendants remain in the case.

An order consistent with this opinion will be entered.

Dated: March 21, 2024  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge